UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| DANA C. GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 05-2236 |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

On December 1, 2010, Plaintiff filed a Complaint (#21) against Defendant Ford Motor Company, bringing claims for strict product liability and violation of the Illinois Consumer Fraud Act. The parties have indicated this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.[1]

In March 2011, Defendant filed Defendant, Ford Motor Company's Motion to Dismiss Count II of Plaintiff's Amended Complaint (#28). Plaintiff filed Plaintiff Dana C. Gray's Response in Opposition to Defendant Ford Motor Company's Motion to Dismiss Count II of Plaintiff's Amended Complaint and Plaintiff's Renewed Petition for Leave to File Amended Complaint Asserting Negligence (#30). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's motion to dismiss **(#28)** be **GRANTED**, and that Plaintiff's petition for leave to file an amended complaint **(#30)** be **GRANTED**.

## I. Discussion

Plaintiff alleges that, in June 2005, his vehicle caught fire while parked outside his home. Plaintiff alleges the fire was caused by a design flaw in a cruise control deactivation switch, used

---

[1] The current complaint does not address this Court's basis for jurisdiction, nor does it address the citizenship of any party. Defendant's notice of removal indicates that Defendant is a citizen of Delaware and Michigan, and that Plaintiff is a resident of Illinois (#1, p. 3, ¶ 13-14). However, residency is an insufficient allegation to establish diversity of citizenship.

in various models of Ford vehicles. Plaintiff filed his claim in state court in 2005 (#1-1). Defendant removed the case to federal court in October 2005 (#1). Thereafter, the case was transferred pursuant to a Judicial Panel on Multidistrict Litigation Transfer Order. *In re Ford Motor Speed Control Deactivation Switch Products Liability Litigation*, MDL No. 2:05-md-01718-BAF. (#23-6).

As the consolidated cases were litigated, all claims for class certification and all claims other than certain common law tort claims were dismissed. (#23-6, p. 2). Judge Friedman found:

> The only claims to be tried in the cases subject to remand (listed below) are claims asserting common law negligence and strict products liability arising under state law. All additional statutory or common law claims, including contract, warranty, consumer protection act and/or common law fraud claims, have been dismissed.

(#23-6, p. 2). This case was then remanded to this Court.

Plaintiff filed the present Complaint (#21), bringing a claim for strict product liability and a claim for violation of the Illinois Consumer Fraud Act. Ten days later, Plaintiff filed a Motion for Leave to File Amended Complaint and To Intervene (#22). The proposed amended complaint brought claims for strict liability, negligence, and willful and wanton conduct. Defendant opposed Plaintiff's motion to amend, in part based on the inclusion of the claim for willful and wanton conduct, because the inclusion of this claim violated Judge Friedman's order. This Court denied Plaintiff's motion to file an amended complaint (#23).

This leaves the first Complaint (#21) as the operative complaint in the case. Defendant then filed its present motion to dismiss, seeking to dismiss Plaintiff's claim brought under the Illinois Consumer Fraud Act. Plaintiff concedes that this claim is barred by previous rulings in the multi-district litigation (#30, p. 3). As such, this Court recommends that Defendant's motion to dismiss this count be granted.

Plaintiff requests leave to amend his complaint. A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. FED. R. CIV. P. 15(a)(2). Here, Plaintiff should not be deprived the opportunity to bring his claims for strict liability and negligence, despite his error in also including other claims that have been barred. Therefore, this Court recommends that Plaintiff's petition for leave to file an amended complaint be granted.

When Plaintiff files his amended complaint, he is instructed to comply with Judge Friedman's order in his Suggestion of Remand (#23-6). Plaintiff may only bring claims for common law negligence and strict products liability arising under state law (#23-6, p. 2). Furthermore, Plaintiff must adequately plead a basis for this Court's subject matter jurisdiction.

## II. Summary

For the reasons stated, this court recommends that Defendant, Ford Motor Company's Motion to Dismiss Count II of Plaintiff's Amended Complaint **(#28)** be **GRANTED** and that Plaintiff's Renewed Petition for Leave to File Amended Complaint Asserting Negligence **(#30)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 18th day of May, 2011.

                                                  s/ DAVID G. BERNTHAL
                                                    U.S. MAGISTRATE JUDGE